UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN ADMIRALTY

| | |
|---|---|
| ABRUZESE YACHT SALES, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>M/Y NIPPER (O.N. 1098807), her engines, tackle, equipment, and appurtenances *in rem*,<br>    *Defendant*. | No. 3:19-cv-00451 (VLB) |

This matter having come before the Court upon motion of Plaintiff Abruzese Yacht Sales, LLC ("Abruzese") for an Order Granting Default Judgment in favor of Abruzese and against the Defendant Vessel (Official # 1098807) including its engines, tackle, equipment, and appurtenances, etc., (hereinafter collectively "Vessel") arising out of a Verified Complaint relating to unpaid storage charges, and the Court having considered the papers supporting the motion, and there being no appearances filed in this action and no opposition filed, it is on this 28th day of October, 2019 ORDERED AND ADJUDGED as follows:

1. Default judgment is hereby ordered in favor of Abruzese against the Vessel, in the amount of a sum certain of $109,387.99. Plaintiff seeks a total of $109,387.99 for past due invoices for storage and an additional $42,297.73 for unpaid repairs and maintenance from 2009 through the commencement of this action. [Dkt. 1 (Compl.) ¶¶ 12-15]

However, the exhibits to the verified complaint do not contain any of the invoices or documentation sufficient to show what repairs and maintenance, other than storage costs, were provided to the Vessel but unpaid by the owner. *Id.* at Ex. A. Tami Abruzese's declaration explains that the $42,297.73 is the carried over outstanding balance but does not provide itemization. [Dkt. 14 (Abruzese Decl.) ¶¶ 6-7]. The invoices for repairs and maintenance, which are itemized, are prior to 2009 and were paid by the Vessel's owner. *Id.* ¶ 5.

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)(citations omitted). Abruzese may file documentation supporting their claim for $42,297.73 for repairs and maintenance for the Vessel within seven days, otherwise, the judgment in the amount of $109,387.99 shall be final.

2. The Court declines to award attorney fees. "The general rule is that the award of fees and expenses in admiralty actions is discretionary with the district judge upon a finding of bad faith." *Ingersoll Mill. Mach. Co. v. M/V Bodena*, 829 F.2d 293, 309 (2d Cir. 1987). Abruzese did not

allege bad faith, nor did Abruzese allege a contractual basis for attorney fees. Additionally, attorney fees do not constitute a "necessary" because they are not reasonably related to the Vessel's business and were incurred by the Plaintiff. *See Constructive Hands, Inc. v. Baker,* 446 F. Supp. 2d 88, 98 (N.D.N.Y. 2006); *Sears v. Sailing Vessel "Smithereens",* No. ELH-13-3389, 2014 WL 2707633, at *5 (D. Md. June 13, 2014)(same).

3. A maritime lien shall be and hereby is fixed on the Vessel for the amount of the default judgment ($109,387.99) and the Vessel is hereby condemned for public sale. Such amount may be modified to include $42,297.73 sought for repairs, should Abruzese provide sufficient documentation necessary for the Court to ascertain the amount of damages with reasonable certainty for repairs and maintenance within seven days.

4. The Vessel shall be sold free and clear of all claims, encumbrances and liens at an auction sale to be held under the auspices of the United States Marshal for the District of Connecticut.

5. The Clerk of the Court shall issue a Writ of Venditioni Exponas to the United States Marshal for public sale of the Vessel to the highest bidder deemed eligible under 46 U.S.C. § 31329, with such sale being subject to confirmation by this Court.

6. The U.S. Marshal is authorized and directed to conduct the public sale of the Vessel to the highest responsible bidder deemed eligible under

**46 U.S.C. § 31329, such sale to be subject to the confirmation of this Court.**

7. **To the extent not previously paid, all of the expenses of the U.S. Marshal in connection with the public sale, including without limitation the costs of publication, shall be paid in advance by Abruzese.**

8. **Prior to the Vessel's sale, Abruzese shall cause to be published notice of the auction once in the Connecticut Post at least 14 days before the auction. The notice is to be in substantially the following form:**

**NOTICE OF U.S. MARSHAL'S SALE OF VESSEL**

**By order of the U.S. District Court, District of CT entered on ==October 28, 2019==, 2019, in the case of Abruzese Yacht Sales, LLC v. M/Y Nipper (O.N. 1098807), her engines, tackle, equipment, and appurtenances, *in rem*, the U.S. Marshal will sell by public auction at Birbarie Marine Sales, Inc. located at 7 Indian Neck Ave. Branford, CT 06405, on       , 2019, at      .m., the M/Y Nipper, AS IS, WHERE IS. A copy of the sale order may be obtained from plaintiff's counsel, Timothy J. Nast, Esq., 10 Spruce St., Southport, CT 06890. Tel. 203-254-8474.,**

**U.S. Marshal.**

9. The cost of such publication advanced by Abruzese shall be deemed an administrative expense and shall constitute a first charge against the proceeds of any sale.

10. At least 14 days prior to the Vessel's public sale, a copy of the Notice of the Sale shall also be provided to the Vessel's owners, Mr. Kristopher King, Ms. Maryellen E. Evans, and a party potentially possessing an interest in the Vessel, TD Bank, by both regular mail, postage prepaid, and by Federal Express to the addresses believed to be the last known addresses of Mr. King, Ms. Evans and TD Bank.

11. The public sale shall take place at the Vessel's current location (Birbarie Marine Sales, Inc. located at 7 Indian Neck Ave. Branford, CT 06405) at a date and time as may be properly noticed and is otherwise acceptable to the U.S. Marshal not later than 60 days from the date of this Order.

12. The U.S. Marshal, as the duly authorized representative, shall conduct the sale in the following manner: (a) The sale shall be an auction sale to the highest and best responsible bidder, subject to the provisions of this Order, which sale shall be subject to confirmation by the Court within ten (10) days of the sale. (b) The U.S. Marshal shall not transfer title to the purchaser until further Order of this Court. (c) The highest and best responsible bidder, except as specified in paragraph "e" below, will be required to deliver to the U.S. Marshal at the time of the sale a cashier's check, certified check or case deposit in an amount of

at least ten percent (10%) of the bid, with the balance being paid by cash, certified or cashier's check to the Marshal within seventy-two (72) hours of the sale excepting Saturday, Sunday and legal holidays. (d) If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder shall be in default, and the judicial officer may accept the second highest bid or may arrange a new sale. The defaulting bidder's deposit shall be forfeited and applied to any additional costs incurred by the U.S. Marshal because of the default, and the balance shall be retained in the registry of the Court awaiting its order. (e) Abruzese is hereby authorized to credit bid on the defendant Vessel in incremental amounts up to the default judgment amount together with such administrative amounts as have accrued including expenses advanced to the U.S. Marshal, and custodial charges associated with storage of the vessel all of which are to be calculated up to and including a date ten (10) days past the date of the auction. Abruzese shall advise the U.S. Marshal of the sum of its total credit bid prior to the commencement of the bidding. Abruzese shall not be required to pay cash or make other payment, either as a deposit at the time of sale or as a balance of the purchase price.

13. At the conclusion of the sale, the U.S. Marshal shall forthwith file a written report with the Court setting forth the notice given; the fact of the sale; the date of the sale; the names and bid amounts of any

bidders; the price obtained; and any other pertinent information. Following the auction sale of the Vessel, Abruzese should file a Motion to Confirm Sale.

14. An interested person may object to the sale by filing a written objection with the Clerk within three days following the sale, serving the objection on all parties of record, the successful bidder, and the United States Marshal, and depositing a sum with the United States Marshal that is sufficient to pay the expenses of keeping the property for at least seven days. Payments to the United States Marshal shall be in certified check or cashier's check. The Court shall hold a hearing on the confirmation of the sale, if necessary.

15. Following confirmation of the sale by this Court, all proceeds shall be paid into the Court registry.

16. Upon motion, the proceeds will be disbursed in accordance with this Order and such further Orders as may be made.

17. Following confirmation of the sale by this Court, the U.S. Marshal shall deliver to the winning bidder, a Bill of Sale by Government Entity of the Vessel in a form approved and issued by the United States Coast Guard to the confirmed purchaser and the Vessel shall be conveyed by the Marshal "as is, where is," free and clear of all liens, claims, and encumbrances whatsoever.

18. All administrative costs incurred by or on behalf of the U.S. Marshal subsequent to arrest, including without limitation its commission,

shall be deemed to be expenses of the U.S. Marshal and shall be reimbursed immediately out of the proceeds of sale or by Abruzese if there are no cash proceeds of sale. Reimbursement to Birbarie Marine Sales, Inc. as the Substitute Custodian up to the date of the confirmation of the sale shall be made by the Clerk of the Court from the proceeds to the sale, subject to Court approval, and prior to the distribution of proceeds of the Vessel's sale.

19. Upon confirmation of the sale, Abruzese shall file its motion(s) seeking a decree for distribution of the sale proceeds on deposit with the Court's registry consistent with these findings. It is so ordered.

Dated at Hartford, Connecticut, this October 30, 2019

/s/
Vanessa L. Bryant
United States District Judge